Argued November 3, affirmed November 29, 1961

# WILLIAMS *v.* NELSON
### 366 P. 2d 894

*Pat Dooley,* Portland, argued the cause for appellant. With him on the brief were Leo Levenson, Phillips, Poole & Dooley, Portland.

*David B. Williamson,* St. Helens, argued the cause for respondent. With him on the brief were Hutchinson, Schwab & Burdick, Portland.

Before McALLISTER, Chief Justice, and WARNER, SLOAN, LUSK and BRAND, Justices.

SLOAN, J.

At the trial of this action for personal injuries sustained in an automobile accident, the jury returned a verdict for defendant. Plaintiff filed a motion for a new trial in which several errors on the part of the court were stated. The motion was allowed. Defendant appeals from the order allowing a new trial.

U. S. Highway 30 traverses the length of the city of Scappoose in what we will call a north-south direction. Through the city the highway is divided by a

concrete traffic separator which divides the traffic going north and south into lanes of traffic. For a part, but not all, of the route the lane on each side of the separator was marked by a typical white line which divided each side of the highway with two marked lanes. At the north end of the city, the concrete separator angles to the east. This causes the east side of the highway to narrow. Within a distance of 305 feet immediately south of the scene of this accident, the portion of the highway to the east of the separator narrows from 32 feet to 22.10 feet, the width of the east lane at the scene of the accident. This narrowing process begins at a point where Laurel Street enters Highway 30. From that point north there was no white line on the east side of the highway to mark lanes for traffic. Plaintiff contended that the absence of the white mark indicated that the highway was reduced from four lanes to two, one on each side of the separator.

The accident happened in the hour of darkness near the junction of the highway and another street, Williams Street, which entered the highway from the east at right angles. Prior to the accident, plaintiff had been driving a car northerly along the portion of the highway where there was no white line marking lanes for traffic that we have just described. Defendant was driving a pickup truck following behind plaintiff's car. He was accompanied by his brother. Both of them had been drinking beer prior to the accident. The issue of intoxication was material.

Plaintiff testified that she had intended to turn right from the highway onto Williams Street. She testified that she noticed the car behind her, that she turned her turn indicator to show a right turn and when she attempted to turn, defendant's truck col-

lided with the right rear portion of her car. Defendant, and his brother, testified that plaintiff had been driving on the left side of the lane of traffic and that her left turn indicator was lighted. That as a result, defendant attempted to pass plaintiff's car on the right. He claimed that plaintiff suddenly turned her car from the left side of the lane into his truck and the accident was caused by that maneuver. Instructions given with respect to the statutory duties of the parties form the basis for most of the grounds specified for a new trial. To us they are not the most crucial one.

■ Defendant's brother testified that after the accident he had gone to a cafe across the street and had telephoned his wife from the cafe. In rebuttal, plaintiff offered the evidence of one of the proprietors of a cafe that was across the street but some distance away that a man, whom she did not know, entered her cafe on the night in question and used her telephone to call someone about an accident. She said this was the only person who had asked to use the telephone on that particular night. She described the man as intoxicated. The testimony was stricken. When the court ruled on the motion for new trial, he assigned this as one reason for doing so. The evidence was admissible and material. It was prejudicial to have taken it from the jury. The only arguments made against, or that could be made, are jury arguments as to its believability and to the identity of the person. It was not error to allow this part of the motion.

■ Two other grounds relied on by the trial court for allowing a new trial require mention to avoid any question on retrial. The first one was a finding of the trial judge that he had erred when he refused to withdraw this allegation of contributory negligence,

"She did make a right turn from the wrong lane." The trial judge said that this allegation was improper because there were no marked lanes of traffic on the section of the highway where the accident happened. We do not believe that the presence or absence of marked lanes would necessarily control. ORS 483.316 (1) (a) requires: "The approach for a right turn shall be made in the lane for traffic nearest to the right-hand side of the highway and the right turn shall be made as close as practicable to the right-hand curb or edge of the highway."

■ It would be for the jury to decide if the width of the highway at the place in question were wide enough for two cars to travel abreast while going in the same direction. In other words, two lanes of travel. If so, then this statute would have required plaintiff to have been to the right side when approaching and making a right turn. The trial court correctly stated the rule that would apply to this situation but omitted reference to this statute which we deem pertinent to the case.

■ The allegation above set forth, which plaintiff asked be withdrawn was not well stated. However, no prior motion had been made to strike the allegation and there was evidence to go to the jury on whether or not plaintiff had turned from an improper position on the highway. The matter can be corrected by amendment.

What has been said also applies to the second ground for the motion in respect to an instruction given by the court. This also can be corrected on retrial.

Affirmed.